**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 25-12816

Non-Argument Calendar

————————————————

JAMES NATHANIEL DOUSE,

Tilde & Prohidney, PL, in his individual capacity,

*Plaintiff-Appellant,*

*versus*

JESSE M. TILDEN,

CANOE CREEK NEIGHBORHOOD ASSOCIATION, INC.,

a Florida not-for-profit corporation
a.k.a. Neal Communities of the Braden River, LLC,

*Defendants-Appellees.*

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-01749-MSS-CPT

————————————————

Before WILLIAM PRYOR, Chief Judge, and ABUDU and ANDERSON,
Circuit Judges.

PER CURIAM:

James Douse appeals the dismissal of his *pro se* amended complaint with prejudice and the filing injunction entered against him as a vexatious litigant. We affirm.

## I.    BACKGROUND

In 2024, Douse filed a *pro se* complaint against Canoe Creek Neighborhood Association, Inc., and Jessie Tilden, alleging that they violated the Fair Housing Act, 42 U.S.C. § 3605(a), by seeking to enforce closing documents, despite never providing him with the documents. He alleged that he did not receive the documents because of his race.

Canoe Creek and Tilden moved to dismiss Douse's complaint for failure to state a claim for relief and as a shotgun pleading. The district court ruled that Douse's complaint was a shotgun pleading because it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015), and it dismissed his complaint without prejudice. It gave Douse an opportunity to amend his complaint to cure the deficiencies.

Douse filed an amended complaint. He again alleged that, in May 2020, he was in the process of purchasing a home from Canoe Creek. He alleged that a Canoe Creek employee refused to make closing documents available to him and specifically "excluded Covenant Deeds and Restrictions." He also alleged that a Canoe Creek employee incorrectly told him that he could not close on his home

because he was a Tennessee resident with a Tennessee's driver's license, but stated that after the chief financial officer intervened, he was able to close on and purchase the property. Douse alleged that Canoe Creek never provided him with the Covenant Deeds and Restrictions and that he spoke with several white residents in the Canoe Creek development, all of whom confirmed that they received and signed the Covenant Deeds and Restrictions. He alleged that Canoe Creek discriminated against him as a "Black/Brown American" in violation of the Fair Housing Act. He also alleged that the closing documents were not enforceable against him because he never received or signed them and did not know they existed.

The district court dismissed Douse's amended complaint with prejudice for failure to state a claim for relief and as a shotgun pleading. It ruled that Douse's amended complaint was vague, confusing, and filled with "immaterial facts not obviously connected to any particular cause of action." It also restricted Douse's filing privileges as a vexatious litigant. It ordered that any new action would be screened for frivolity.

## II.    STANDARD OF REVIEW

We review the dismissal of a complaint as a shotgun pleading for abuse of discretion. *Weiland*, 792 F.3d at 1320. We also review a filing injunction for abuse of discretion. *Miller v. Donald*, 541 F.3d 1091, 1096 (11th Cir. 2008). "A district court abuses its discretion when it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact

that are clearly erroneous." *Klay v. Humana, Inc.*, 382 F.3d 1241, 1251 (11th Cir. 2004).

### III.    DISCUSSION

We divide our discussion into two parts. First, we explain why the district court did not abuse its discretion in dismissing Douse's *pro se* amended complaint as a shotgun pleading. Second, we explain why the district court also did not abuse its discretion in entering a filing injunction against Douse as a vexatious litigant.

### A.    *The District Court Did Not Abuse its Discretion in Dismissing Douse's Amended Complaint as a Shotgun Pleading*

Douse argues that the district court erred in dismissing his complaint. He reiterates that Canoe Creek and Tilden never provided him with closing documents and that he never received or signed the Covenant Deeds and Restrictions. He also argues that Canoe Creek and Tilden failed to meet and confer with him and complete their initial disclosures, in violation of Federal Rule of Civil Procedure 26(f). And he argues that the district court erred by dismissing his amended complaint as a shotgun pleading.

Shotgun pleadings contain multiple counts where each count adopts the allegations of all preceding counts, are replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action, do not separate each cause of action or claim for relief into separate counts, or assert multiple claims against multiple defendants without specifying which defendant is responsible for which acts or omissions. *Weiland*, 792

F.3d at 1321–23. Shotgun pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323. They "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quotation marks omitted) (alterations adopted).

The district court did not abuse its discretion in dismissing Douse's amended complaint as a shotgun pleading. The amended complaint was replete with immaterial, vague, and conclusory allegations not obviously connected to a cause of action. Because the district court allowed Douse an opportunity to file an amended complaint, it also did not abuse its discretion by dismissing the amended complaint with prejudice. *Jackson v. Bank of Amer.*, 898 F.3d 1348, 1357–59 (11th Cir. 2018).

B.      *The District Court Did Not Abuse its Discretion by Entering a Filing Injunction Against Douse as a Vexatious Litigant.*

Douse also contends that the district court abused its discretion by entering the filing injunction against him. District courts may enter filing injunctions "to protect against abusive and vexatious litigation." *Martin-Trigona v. Shaw*, 986 F.2d 1384, 1387 (11th Cir. 1993). We have held that a litigant "can be severely restricted as to what he may file and how he must behave in his applications for judicial relief" so long as he is not "completely foreclosed from any access to the court." *Procup v. Strickland*, 792 F.2d 1069, 1074 (11th Cir. 1986) (en banc).

The district court did not abuse its discretion. Douse has abused the judicial process by filing several frivolous lawsuits in multiple federal courts. The district court reasonably responded to Douse's abusive filings by subjecting him to frivolity screening. These restrictions do not completely foreclose Douse's access to the courts.

## IV.　CONCLUSION

We **AFFIRM** the dismissal of Douse's *pro se* amended complaint with prejudice and the filing injunction entered against him as a vexatious litigant, and we **DENY** his pending motions as moot.